IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY ROSS SEERY | § | |
| v. | § | CIVIL ACTION NO. 6:15cv454 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ORDER OF ADMINISTRATIVE CLOSING**

The Plaintiff Jeffrey Seery, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Seery was convicted of three counts of sexual assault, receiving sentences of 20 years in prison. His conviction was affirmed on appeal and he twice sought state habeas corpus relief without success. He then filed this federal habeas corpus petition.

On June 3, 2016, Seery notified the Court that he had received notice from the district attorney for Henderson County that there could be an issue with the DNA testing in his case. The Court gave the Respondent 30 days in which to advise the Court of any on-going issues involving DNA testing.

In response, the Respondent asserted that neither the Henderson County District Attorney's Office nor the Texas DNA Mixture Review Project were aware of any DNA testing or litigation regarding testing related to Seery's conviction. The Respondent stated that he was unable to obtain a copy of the letter to which Seery referred and suggested that it may have been a form letter sent

1

to defendants whose cases involved a DNA mixture. The Respondent further stated that Seery had been excluded as a contributor to the DNA mixture tested and argued that there was no reason to believe Seery was entitled to new DNA analysis or that any such analysis would be relevant to his case.

Seery stated in reply that the letter he received had been attached to his motion, but a review of the motion shows that the letter was not attached. He argues that he should be afforded the opportunity to further develop the record, which is best done in state court.

Seery did attach a copy of his letter to the reply. This letter stated that scientists have recently become aware that a common statistical methods used may not have always taken into account certain important scientific limitations. If Seery wanted his case recalculated on the DNA mixture, there was a form attached to the letter that he could fill and send in.

Upon review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be administratively closed to allow Seery to return to state court and pursue any new claims there prior to seeking federal habeas corpus relief. The Respondent filed objections to this Report.

## II. The Respondent's Objections

In his objections, the Respondent states that Seery claims he wishes to litigate how the DNA evidence and any expert testimony was used to secure an indictment, but Seery was indicted almost seven months prior to the issuance of the DNA testing report. The Respondent also asserts that Seery was excluded as a contributor to the mixture and therefore it is not reasonable to believe that new DNA analysis would benefit Seery or that he is even entitled to new analysis.

The Respondent argues that a stay and abeyance is proper if the petitioner has good cause for the failure to exhaust his claim, the claim is not plainly meritless, and the petitioner has not engaged in intentional delay, citing *Rhines v. Weber,* 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

In his response to the objections, Seery asserts that the during his trial, the State spent a significant amount of time developing testimony from a DNA expert, which testimony relied on

faulty data. While the lab report itself may not have been prepared by the time he was indicted, Seery states that the prosecutor nonetheless offered DNA evidence to the grand jury to secure his indictment.

The Respondent does not address the letter which Seery received from the District Attorney of Henderson County on May 10, 2016, well after his state habeas corpus proceedings had concluded. This letter provides an opportunity for Seery to have a recalculation done on the DNA mixture. While the Respondent asserts that Seery was excluded as a contributor to the DNA mixture, Seery maintains that DNA evidence was used against him at trial. Any claims which Seery may have based on a recalculation of the DNA evidence should be raised in state court in the first instance. The record does not show that such a claim would be plainly meritless, and the date of the letter and offer of recalculation shows that Seery could not have raised it in his earlier state habeas proceedings. Nor does it appear that Seery has engaged in intentional delay. The Magistrate Judge correctly concluded that this federal habeas proceeding should be stayed to permit Seery to return to state court to litigate these new claims.

### III. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Respondent objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Respondent's objections are without merit. It is accordingly

**ORDERED** that the Respondent's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **ADMINISTRATIVELY CLOSED** and placed on an inactive docket for administrative and statistical purposes. The case may be reopened at such time as Seery or the Respondent notifies the

Court that all state processes have been completed on the claims Seery wishes to present in federal court. This administrative closing shall have no effect upon the substantive rights of any party. It is further

**ORDERED** that the Respondent's motion to seal portions of the state records (docket no. 14) is **GRANTED.** At such time as the State files these records, exhibits no. 18 and 19, contained in Volume 13 of the Reporter's Record, shall be held under seal. Finally, it is

**ORDERED** that the Petitioner's motion for extension of time to file a response to the answer (docket no. 15) is **DENIED** as moot.

So **ORDERED** and **SIGNED** this **11** day of **October, 2016.**

_____
Ron Clark, United States District Judge