IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEFFREY ROSS SEERY, #1706643 | § | |
| VS. | § | CIVIL ACTION NOS. 6:15cv454 AND 615cv1161 |
| DIRECTOR, TDCJ-CID. | § | |

<u>MEMORANDUM OPINION ADOPTING THE REPORT
OF THE UNITED STATES MAGISTRATE JUDGE</u>

Petitioner Jeffrey Ross Seery, proceeding *pro se* and *in forma pauperis*, filed these two petitions for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Henderson County conviction. The cases were referred to the United States Magistrate Judge, the Honorable Judge K. Nicole Mitchell, for findings of fact, conclusions of law, and recommendations for the disposition of the petitions.

On December 26, 2018, Judge Mitchell issued a Report, (Dkt. #14), recommending that both petitions be denied with prejudice. After receiving an extension of time with which to file objections, Seery filed his objections on March 4, 2019, (Dkt. #19).

**I. Standard of Review**

*1. Federal Habeas Review*

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire,* 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation

1

omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

*2. Ineffective Assistance of Counsel*

To show that trial counsel was ineffective, Seery must demonstrate both deficient performance and ensuing prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). In

evaluating whether an attorney's conduct was deficient, the question becomes whether the attorney's conduct fell below an objective standard of reasonableness based on "prevailing norms of practice." *See Loden v. McCarty*, 778 F.3d 484, 494 (5th Cir. 2016).

Moreover, to establish prejudice, the petitioner must show that there is a reasonable probability that—absent counsel's deficient performance—the outcome or result of the proceedings would have been different. *Id.*; *see also Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687)). It is well-settled that a "reasonable probability" is one that is sufficient to undermine confidence in the outcome of the proceedings. *Strickland*, 466 U.S. at 694. Importantly, the petitioner alleging ineffective assistance must show both deficient performance and prejudice. *See Charles v. Stephens*, 736 F.3d 380, 388 (5th Cir. 2013) ("A failure to establish either element is fatal to a petitioner's claim.") (internal citation omitted). Given the already highly deferential standard under the AEDPA, establishing a state court's application whether counsel was ineffective "is all the more difficult." *Harrington v. Richter*, 562 U.S. 86, 105 (2011); *see also Charles v. Stephens*, 736 F.3d 380, 389 (5th Cir. 2013) ("Both the *Strickland* standard and the AEDPA standard are highly deferential, and when the two apply in tandem, review is doubly so.") (internal quotations and citation omitted).

## II. Discussion and Analysis

As an initial matter, the Court notes that a party objecting to a Magistrate Judge's Report must specifically identify those findings to which he or she objects. Frivolous, conclusory, or general objections need not be considered by the District Court. *See Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (*en banc*), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

Seery begins his objections by stating that he "objects to all adverse rulings in the Report and Recommendation." (Dkt. #9, pg. 1). This is both a conclusory and general objection, which will not be considered by the Court.

In his first objection, Seery maintains that counsel was ineffective for failing to file a motion to quash the indictment because the grand jury term expired—which is a repetition of the assertion in his habeas petition. In his habeas petition, 6:15-cv-454, Seery argued that counsel failed to file a motion to quash the "instant indictment which was handed up during the 'January 2010 term,' after applicant was arrested during previous term of the court without approval of the senior judge of the judicial region to extend term of grand jury who should have considered whether to no bill or true bill applicant, denying him due process of law."

The Texas Court of Criminal Appeals denied Seery's state habeas application without written order. On objection, Seery complains that no court has adjudicated this claim. However, the failure to enter express findings of fact does not preclude deference under the AEDPA because "[a]s a federal court, we are bound by the state habeas court's factual findings, both implicit and explicit." *See Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *see also Becerril v. Quarterman*, 2007 WL 1701869 *4 (S.D.Tex.—Houston Jun. 11, 2007) ("The Texas Court of Criminal Appeals adopted the trial court's findings when it denied relief. A federal court is bound by the state habeas court's factual findings, both implicit and explicit.") (citation omitted).

In Texas, when the Court of Criminal Appeals denies a state habeas petition—with or without an order or opinion—the "denial" means that the court addressed and rejected the merits of a particular claim. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the

4

claims merits."); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim.").

Here, the Texas Court of Criminal Appeals denied Seery's habeas application without a written order. (6:15cv454, Dkt. #26, pg. id. #1734). Accordingly, the state court addressed and rejected the merits of his habeas claims—irrespective of whether it entered explicit findings of fact and conclusions of law. Seery has failed to show that the state court's adjudication of this claim was unreasonable. Because the AEDPA requires federal courts to provide deference to the state habeas courts' express and implicit findings, Seery's objection on this point is meritless.

The remainder of Seery's objections is an attempt to relitigate his habeas petitions, as he repeats his habeas claims. Specifically, he complaints about the jury charge, the victim's sexual history, alleged misrepresentation of DNA evidence, alleged trial court error, the victim's alleged previous allegations of sexual abuse, and the lack of an investigation. Judge Mitchell addressed these claims in her Report. Seery does not highlight specific portions of her Report to which he specifically objects; rather, he simply highlights her findings and then repeats his habeas allegations. Accordingly, Seery's objections must be overruled.

The Court has conducted a careful *de novo* review of record and the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections, (Dkt. #19), are overruled and the Report of the Magistrate Judge, (Dkt. #14), is **ADOPTED** as the opinion of the District Court. It is also

**ORDERED** that the above-styled habeas actions are **DENIED WITH PREJUDICE**. Moreover, it is

**ORDERED** that Petitioner Seery is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in these actions are hereby **DENIED**.

So **ORDERED** and **SIGNED March 9, 2019.**

_____
Ron Clark, Senior District Judge